No. 14 Coal Company, Appellant, *v.* Pennsylvania Coal Company.

Argued November 10, 1964. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Mitchell Jenkins,* with him *Matthew D. Mackie,* and *Rosenn, Jenkins & Greenwald,* for appellant.

*James P. Harris, Jr.,* with him *Warren, Hill, Henkelman & McMenamin,* for appellee.

Opinion by Mr. Justice Musmanno, January 5, 1965:

No. 14 Coal Company, the plaintiff in this case, instituted an action of assumpsit against the defendant, the Pennsylvania Coal Company, for the sum of $27,090.96 (later amended to $26,248.74), allegedly being held by the defendant for the plaintiff, lessee of coal lands owned by the Pennsylvania Coal Co.

Through assignment, the No. 14 Coal Company had contracted with the Pennsylvania Coal Company to mine and deliver coal to the defendant at a stipulated sum for each ton of coal delivered, with the proviso that the defendant would withhold from such sums 6 cents per ton as a security or guaranty fund to insure compliance by the plaintiff with the terms of the contract.

The security fund was to be payable to the plaintiff only upon fulfillment of the following conditions: (1) The surrendering of the premises by No. 14 to Pennsylvania; (2) All of No. 14's obligations under the contract to have been discharged; (3) No. 14 to have executed a release to Pennsylvania, absolving it from all claims and demands in any manner arising out of the contract.

The contract provided further that if No. 14 defaulted or breached the terms of the contract, it would forfeit the security fund as liquidated damages. On January 27, 1961, Pennsylvania informed No. 14 by letter that it had terminated the lease on the basis that No. 14 had breached the contract.

No. 14 denied such breach and averred on the contrary that it was evicted, at least partially, from the mine when on January 22, 1959, the Susquehanna River broke through at a certain River Slope area, flooding the adjacent Knox Mine and other workings, including those of the plaintiff. No. 14 contended that the flood damage was caused by Pennsylvania's negligence and that since the plaintiff could not operate the mine as the result of that negligence, the defendant had brought about a partial eviction.

The court below, which heard the case without a jury, found that the plaintiff had not sustained its burden of proving that the acts relied upon as an eviction were the outcome of acts or omissions attributable

to the defendant. A reading of the record supports the court's conclusion in this respect. Nor is there evidence upon which to base a finding that the Knox Mine disaster constituted a breach of implied warranty of quiet enjoyment. In *Oakford v. Nixon,* 177 Pa. 76, we held that "the covenants for quiet possession relate only to acts of the lessor and those acting under him, or of the holder of a better title," and do not extend to the "conduct of other persons by which the value or the comfort of the leasehold may be diminished."

Thus, the court properly held that the plaintiff was not relieved of its duties under its contract with the defendant. Since the security fund is not available for disposition unless there is a definitive crystallization of claims of the parties against one another, the plaintiff and the defendant entered into a stipulation as to seven claims now pending against the plaintiff and/or the defendant as a result of the plaintiff's operations and that the defendant has a claim against the plaintiff in the sum of $19,008.27 for repairs to the demised premises, which the plaintiff refused to make.

In view of these pending claims the court correctly held that the plaintiff is not entitled to a recovery of the security fund at this time, since it has not met the conditions precedent to such recovery. Under the contract the plaintiff has the obligation to indemnify, and save harmless the defendant from all claims, damages, suits, etc. But the court properly added that: "Nothing herein contained, however, shall preclude the plaintiff from obtaining possession of all or part of this fund upon compliance with the terms and conditions of the lease."

In view of the admitted claims pending against the plaintiff and/or the defendant, arising from the operations of the plaintiff, and in view of the fact that the plaintiff at no time offered to indemnify the defendant, nor defend any of the lawsuits or claims,

Pennsylvania was within its rights in terminating the lease which provided for such termination in case of the plaintiff's default for a period of more than ten days. Such termination could not, therefore, be construed as an eviction, and the court below correctly so held.

Judgment affirmed.